UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

TRINA CIRCLE

    Plaintiff,

 v.

WESTERN CONFERENCE OF TEAMSTERS
PENSION TRUST,

    Defendant.

Case No. 3:17-cv-00313-YY

FINDINGS AND
RECOMMENDATIONS

YOU, Magistrate Judge:

  Before the court are Defendant Western Conference of Teamsters Pension Trust's ("the Trust") Motion to Dismiss for Failure to State a Claim under FRCP 12(b)(6) and Motion to Strike Jury Demand under FRCP 12(f) (ECF #8). This court has subject matter jurisdiction under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 USC §§ 1332(e)(1) and (f), and 28 USC § 1331. Venue is proper under 29 USC § 1132(e)(2) and 28 USC § 1391.[1]

  Plaintiff Trina Circle ("Circle") is the surviving spouse of Gary Circle ("Mr. Circle"). Am. Compl. ¶ 1, ECF #4. She filed this action on February 24, 2017, bringing four claims for relief: (1) Claim for Enforcement Under ERISA § 502(a)(1)(B) (codified at 29 USC

---

[1] Pursuant to LR 7-1(d)(1), the court elects to forgo oral argument because the issues have been fully briefed and oral argument would not assist the court in resolving the motions.

§ 1132(a)(1)(B)); (2) Claim for Breach of Fiduciary Duty under ERISA § 502(a)(3) (codified at 29 USC § 1132(a)(3)); (3) Claim for Declaratory Judgment; and (4) Claim for Rescission. The Trust seeks an order dismissing plaintiff's second, third, and fourth claims for failure to state a claim under FRCP 12(b)(6) and striking plaintiff's demand for a jury trial under FRCP 12(f). For the reasons set for below, the motions (ECF #8) should be GRANTED.

## BACKGROUND

Mr. Circle passed away on or about November 15, 2015. Am. Compl. ¶ 1, ECF #4 (listing November 15); *id.* ¶ 13 (listing November 14). He was a United Parcel Service employee for 30 years, and was fully vested in the Western Conference of Teamsters Pension Plan ("the Plan"). *Id.* ¶ 1. He retired in the summer of 2015, where his "day last worked" was July 3, 2015, but his termination date was August 21, 2015. *Id.* ¶¶ 7, 9. As a Plan beneficiary, Mr. Circle elected to take the "Age Retirement Benefit with a Life Only Pension" option on or about June 9, 2015. Robert F. Schwartz Decl. ("Schwartz Decl.") Ex. 1, ECF #9-1 (showing signature and received dates of July 9, 2015); Am. Compl. ¶ 7 (stating July 12, 2015). He requested the first payment of this option be made on September 1, 2015. Am. Compl. ¶ 9. However, the Trust contacted Mr. Circle and offered to start payment on August 1, 2015. *Id.*; Schwartz Decl. Ex. 1, ECF #9-3 (showing a pension effective date of August 1, 2015). Mr. Circle accepted the Trust's offer and received his first check on August 1, 2015. Am. Compl. ¶ 9; Schwartz Decl. Ex. 1, ECF #9-1 (signed benefit election form).

The Trust contends that it set Mr. Circle's Pension Effective Date as August 1, 2015, because it has long interpreted the requirement that a participant terminate employment prior to receiving benefits as satisfied upon the cessation of actual work. ECF #8, at 4 n.1. "This rule

has benefited tens of thousands of participants receiving benefits, who might otherwise have to wait until all accrued vacation and sick time is paid out." *Id.*

After Mr. Circle's passing on November 25, 2015, Circle sent a certified letter to the Trust electing to change the pension benefit to "Employee and Spouse Pension," within 90 days after September 1, 2015. Am. Compl. ¶ 14. The Trust denied Circle's request to change the pension benefit on the grounds that the election period began on August 1, 2015, not September 1, 2015, and the election period had already expired. *Id.* ¶ 15. Circle alleges that the decision to denying her request is erroneous, arbitrary, capricious, and an abuse of discretion. *Id.* ¶ 17. The Trust contends that the election period for making changed to pension had expired in October 2015. ECF #8, at 2.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under FRCP 12(b)(6) may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff.

*Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216 (discussion FRCP 8(a)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**FINDINGS**

The Trust has not moved to dismiss Circle's first claim for the enforcement of benefits under ERISA § 502(a)(1)(B). However, the Trust argues that the second claim under ERISA § 502(a)(3) should be dismissed because it does not seek a different remedy than the first claim, and that the third and fourth claims should be dismissed because they are forms of relief and not separate causes of action, and that even if they were separate causes of action, they would be preempted by ERISA.

**I.      Judicial Notice of Plan Documents**

As a preliminary matter, the court may take judicial notice of the plan documents provided by the Trust. *See* Schwartz Decl. Exs. 1-3, ECF ##9-1–9-3.[2] Courts may take judicial

---

[2] Circle objects to the contents of the Declaration of Robert Schwartz contending that Mr. Schwartz lacks personal knowledge of many of facts offered in the declaration. Resp. in Opp. of Mot. for Summ. Jud. ("Resp.") at 1, ECF #23. Despite the fact that Mr. Schwartz has acted as regular counsel for the Trust for over a decade and his firm has acted as the Trust's counsel for nearly four decades, the declaration merely authenticates true and correct copies of: (1) the Plan documents, (2) a benefit election form signed by Mr. Circle, and (3) a letter from Prudential Insurance Co. to Mr. Circle regarding his benefits under the Plan. Reply at 5-6, ECF #24.

notice of documents on a Rule 12(b)(6) motion if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (discussing "incorporation by reference" doctrine). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Marder*, 450 F.3d at 448 (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Circle does not question the authenticity of the documents. Therefore, the court may take judicial notice of the Plan documents.

## II. Claim Two: Remedy Requested Under ERISA § 502(a)(3) is Duplicative

Circle's second claim should be dismissed because she does not plead a distinct remedy from that requested in the first claim. In claim one, Circle seeks the recovery of benefits under ERISA § 502(a)(1)(B) (codified at 29 USC § 1132(a)(1)(B)). In claim two, she seeks "injunctive relief directing defendant to grant plaintiff's requested change of pension benefit . . ." under ERISA § 502(a)(3) (codified at 29 USC § 1132(a)(3)). Am. Compl. ¶ 25. Despite Circle's effort to define claim two in terms of injunctive relief, granting the requested relief would simply entitle Circle to a recovery of benefits, resulting in the exact same relief as that demanded in claim one.

While Circle may theoretically plead in the alternative to seek relief simultaneously under ERISA § 502(a)(1)(B) and § 502(a)(3), such alternative pleading is only permissible where the relief sought under each alternative claim is distinct. *See Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 961 (9th Cir. 2016), *as amended on denial of reh'g and reh'g en banc* (Aug. 18, 2016) (holding that § 502(a)(1)(B) and § 502(a)(3) claims "can proceed simultaneously if they

plead distinct remedies"); *Englert v. Prudential Ins. Co. of Am.*, 186 F. Supp. 3d 1044, 1047 (N.D. Cal. 2016) (holding that § 502(a)(3) and § 502(a)(1)(B) claims brought conjunctively must seek distinct relief); *Sidlo v. Kaiser Permanente Ins. Co., 221 F. Supp. 3d 1183, 1208* (D. Haw. 2016), at *18 (denying plaintiff's claim for relief under § 502(a)(3) because it was duplicative of the relief plaintiff sought under § 502(a)(1)(B) and stating that, to pursue simultaneous claims under § 502(a)(1)(B) and § 502(a)(3), plaintiff must plead distinct remedies). Because Circle has failed to plead distinct remedies, claim two should be dismissed.

**III.     Claims Three and Four: Remedies Not Separate Causes of Action**

Plaintiff has attempted to assert stand-alone claims for declaratory judgment and rescission. However, declaratory judgment and rescission are both remedies; they are not separate claims or causes of action. *See Hanh Nguyen v. Washington Mut. Bank, N.A.*, No. 2:11-CV-01799-LRH-NJ, 2013 WL 3864110, at *2 (D. Nev. July 24, 2013) (holding that declaratory judgment is "merely a remedy available for established causes of action, and is not itself a separate cause of action); *Barkett v. Sentosa Properties LLC*, No. 1:14-CV-01698-LJO, 2015 WL 502319, at *18 (E.D. Cal. Feb. 5, 2015) (noting that "declaratory relief is not an independent cause of action, but a remedy"); *In re Galena Biopharma, Inc. Derivative Litigation*, 83 F. Supp. 3d 1047, 1072 (D. Or. 2015) (holding that rescission may not be asserted as a separate cause of action); *Reyes v. Wells Fargo Bank, N.A., No. C-10-01667 JCS, 2011 WL 30759, at *17 (N.D. Cal. Jan. 3, 2011)* (agreeing that "there is no standalone claim for rescission).

To the extent Circle bases these claims on Oregon state and constitutional law, thus genuinely providing for a separate cause of action, they are preempted by ERISA because they rest on the failure to grant benefits under the Plan. *See, e.g.*, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987); *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007-08 (9th Cir. 1998),

*as amended* (Aug. 3, 1998); *Zavala v. Trans-Sys.*, Inc., 258 F. App'x 155, 156, at *1 (9th Cir. 2007). Therefore, claims three and four should also be dismissed.

IV. **No Right to Jury Trial**

Circle is not entitled to a jury trial on her ERISA § 502(a)(1)(B) claim. *E.g.*, *Spinelli v. Gaughan*, 12 F.3d 853, 858 (9th Cir. 1993) (holding ERISA "created a right that is essentially equitable in nature" and therefore "a jury trial [is] not required"); *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 996-97 (9th Cir. 2000) (finding "every other circuit that has considered this issue . . . has reached the same conclusion we reached in *Spinelli*.) Circle states that she is "entitled to a jury trial on her state law claims." Resp. at 3, ECF #23. However, as discussed in Part III, *supra*, claims three and four should be dismissed. Therefore, the jury-trial demand should be stricken.

## RECOMMENDATIONS

The Trust's Motion to Dismiss and Motion to Strike (ECF #8) should be GRANTED. Claims two, three, and four should be dismissed with prejudice for failure to state a claim and the jury-trial demand should be stricken.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Thursday, September 14, 2017. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

///

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED August 31, 2017.

                                                          /s/ Youlee Yim You
                                                          Youlee Yim You
                                                          United States Magistrate Judge